UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DAVID EMANUEL HUNTER, SR., | |
| Plaintiff, | |
| v. | CAUSE NO. 1:25-CV-557-JD-AZ |
| ALLEN COUNTY JAIL, ALLEN COUNTY, THELMA, CHIEF BUTLER, | |
| Defendants. | |

OPINION AND ORDER

David Emanuel Hunter, Sr., a prisoner without a lawyer, filed a complaint alleging he has been served food at the Allen County Jail to which he his allergic. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Hunter alleges he has missed meals because he was served food to which he was allergic and was unable to obtain alternative food. He also alleges that on at least one occasion he suffered a seizure because of eating food to which he is allergic. He alleges these events occurred both before he was convicted and after.

Under the Fourteenth Amendment, a pre-trial detainee cannot be punished without due process of law. *Bell v. Wolfish*, 441 U.S. 520 (1979). "In evaluating the constitutionality of conditions or restrictions of pretrial detention . . . the proper inquiry is whether those conditions amount to punishment of the detainee." *Id*. at 539. "[I]n the absence of an expressed intent to punish, a pretrial detainee can nevertheless prevail by showing that the actions are not 'rationally related to a legitimate nonpunitive governmental purpose' or that the actions 'appear excessive in relation to that purpose.'" *Kingsley v. Hendrickson*, 576 U.S. 389, 398 (2015) (*quoting Bell*). To state a claim, the plaintiff must allege the defendant performed a volitional act or made a deliberate choice not to act. *Id.* at 570. "This framing asks strictly whether the defendant intended to commit the physical act that caused the alleged injury." *Id*. "[L]iability for *negligently* inflicted harm is categorically beneath the threshold of constitutional due process." *Kingsley v. Hendrickson*, 576 U.S. 389, 396 (2015) (quotation marks omitted). Then, the reasonableness of that action or inaction is assessed based on whether "reasonable [individuals] under the circumstances would have understood the high degree of risk involved, making the consequences of the defendants' conduct obvious." *Pittman*, 108 F.4th at 572 (emphasis omitted). Whether the defendant actually knew that his action or inaction would cause harm is irrelevant under the Fourteenth Amendment. *Id.* "[W]hen evaluating whether challenged conduct is objectively unreasonable, courts must focus on the totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020) (quotation marks omitted).

Under the Eighth Amendment, a convicted prisoner is entitled to adequate food. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Id.* at 834. The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id.* (citations omitted). On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted); *see also Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (where inmate complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference.").

Hunter alleges Thelma oversees the kitchen at the Allen County Jail. Exhibits attached to the complaint show he has complained about his food allergies. Giving him the benefit of the inferences to which he is entitled at the pleading stage, this complaint states a claim against Thelma under both the Eighth and Fourteenth Amendments.

Hunter also sues the Allen County Jail, but it is not a suable entity. *See Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) (the jail is a building). He sues Allen County, but he has not alleged any facts showing the county is liable for his being

3

served food to which he is allergic. Finally he sues Chief Butler, but "'no prisoner is entitled to insist that one employee do another's job,' and the division of labor is critical to the efficient functioning of the organization." *Aguilar v. Gaston-Camara*, 861 F.3d 626, 633 (7th Cir. 2017) (*quoting Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). Thelma oversees the kitchen and there is no general supervisory liability for Chief Butler under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007).

For these reasons, the court:

(1) GRANTS David Emanuel Hunter, Sr. leave to proceed against Allen County Jail Kitchen Supervisor Thelma in her individual capacity for compensatory and punitive damages for serving him food to which he is allergic in violation of the Eighth and Fourteenth Amendments;

(2) DISMISSES all other claims;

(3) DISMISSES Allen County Jail, Allen County, and Chief Butler;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Allen County Jail Kitchen Supervisor Thelma at the Allen County Jail, with a copy of this order and the complaint (ECF 1);

(5) ORDERS Allen County Sheriff to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Allen County Jail Kitchen Supervisor Thelma to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on October 17, 2025

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT